UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JEREMIAH F. B. DEWANE,                            :
                                                  :        Civil No: 06-CV-1354
                          Plaintiff,              :        (FJS-RFT)
                                                  :
           -against-                              :        **ORDER**
                                                  :
JULIA E. COLUCCIO and                             :
DENISE E. GEORGE,                                 :
                                                  :
                          Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Now, upon reading the motion of Plaintiff, Jeremiah F. B. DeWane to establish a

qualified settlement fund, including the Declaration of Peter H. Wayne IV, Esq. sworn to on

August 26, 2008 ("Wayne Declaration"), and accompanying the Memorandum of Law, and for

good cause shown, the Court hereby orders as follows:

　　　　1.　　The DeWane Qualified Fund Settlement Fund shall be established as a Qualified

Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 and pursuant to

this Court's subject matter jurisdiction under Treas. Reg. Section 1.468B-1(c)(1).

　　　　2.　　Matthew L. Garretson, Esq. of The Garretson Law Firm is appointed as Fund

Administrator pursuant to the terms, conditions and restrictions set forth in the Wayne

Declaration, and said Fund Administrator is given the authority to conduct any and all activities

necessary to administer the DeWane Qualified Settlement Fund as set forth in the Wayne

Declaration.

　　　　3.　　Any alleged civil liability or actual civil liability of the defendants Julia E.

Coluccio and Denise E. George ("Defendants") with respect the claims asserted by Plaintiff as

set forth in the Complaint filed in this action will be released following payment of the

settlement amount by Defendants to the DeWane Qualified Fund Settlement Fund.  Following

such payment an appropriate general release will be issued by Plaintiff in favor of Defendants, such releases shall provide that Plaintiff and the DeWane Qualified Settlement Fund will agree to indemnify and hold harmless Defendants from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement, or claim against Defendants for any claims arising out of the October 30, 2005 accident.

4.      The Fund is authorized to enter into Fund Agreements with persons claiming damages or injury, including any entity asserting a statutory claim of subrogation or otherwise claiming reimbursement, as a result of the motor vehicle collision described in the Complaint herein.  The Fund may employ settlements with periodic payments.

5.      The Fund is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

6.      The Fund Administrator is authorized to distribute all attorneys' fees and litigation expenses and costs consistent with any existing contingency fee agreement, engagement letter, or applicable law.

7.      The Fund Administrator is authorized, upon completion of all Fund Agreements and final distribution of all monies paid into the Fund, to take appropriate steps to wind-down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

SO ORDERED

_____
RANDOLPH F. TREECE
UNITED STATES MAGISTRATE JUDGE

DATED:

October 10, 2008